**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | |
|---|---|
| **JANET M. LINDLEY,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     **vs.** | ) **CAUSE NO.  2:12-cv-00190-WTL-WGH** |
| | ) |
| **CAROLYN W. COLVIN, Acting** | ) |
| **Commissioner of the Social Security** | ) |
| **Administration,** | ) |
| | ) |
|     **Defendant.** | ) |

## ENTRY ON MOTION FOR ATTORNEY'S FEES

Before the Court is the Plaintiff's Motion for Attorney's Fees under the Equal Access to

Justice Act ("EAJA") (dkt. no. 27).  This motion is fully briefed, and the Court, being duly

advised, now **GRANTS** the Plaintiff's motion for the reasons set forth below.

The Plaintiff requests attorney's fees of $7,868.47[1] as she was the prevailing party in the

underlying Social Security disability case.  Having obtained reversal and remand of the agency

decision in this Court, the Plaintiff is indeed a prevailing party. *See Shalala v. Schaefer*, 509 U.S.

292 (1993).  Moreover, the Plaintiff asserts that the Government's position was not substantially

justified.

In its response, the Government argues that its position was substantially justified and

thus, the Plaintiff is not entitled to recover her attorney's fees. *See Cunningham v. Barnhart*, 440

F.3d 862, 863 (7th Cir. 2006) (listing the four statutory requirements that a claimant must satisfy

---

[1] In her motion, the Plaintiff requested $7,864.51 in fees, including fees for clerical
and/or secretarial tasks.  The Government objected, noting that under the EAJA, fees for these
types of tasks are not permitted.  In her Reply, the Plaintiff agreed and submitted an amended
time log eliminating these amounts. *See* dkt. no. 33-1.  Thus, her request for $7,868.47,
eliminates fees for clerical and/or secretarial tasks, but includes fees for time spent drafting and
reviewing the Reply.

in order to recover his attorney's fees).  "In order for the Commissioner's position to be substantially justified, it must have reasonable factual and legal bases, and there must exist a reasonable connection between the facts and her legal theory." *Cunningham*, 440 F.3d at 864. "The Commissioner has the burden of establishing that her position was substantially justified." *Id*.  The Government claims that the decision was substantially justified because "the Court's decision to remand this case turned in large part on the adequacy of the ALJ's articulation in his decision." Gov. Response at 6.  The Court disagrees.

The Court's Entry remanding the Plaintiff's case to the agency concluded that the ALJ offered a perfunctory analysis regarding whether the Plaintiff's conditions medically equaled a listing.  While the Court did not express an opinion as to whether the Plaintiff's conditions medically equaled a Listing, this does not mean, as the Government incorrectly implies, that the evidence suggests she does not.  To the contrary, the Court noted, "the record is replete with documentation reflecting Lindley's pain due not only to her fibromyalgia but further complicated by other issues." Dkt. No. 25 at 10.  This does not lead to the conclusion that the Commissioner's position was "substantially justified"—it was not, because the ALJ ignored well-documented evidence suggesting that the Plaintiff may, in fact, medically equal a Listing. *See Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004) (finding the Commissioner's position to not be substantially justified because, among other reasons, "the ALJ ignored significant evidence supporting [the plaintiff's] claim.").

Further, this Court noted in its Entry that fibromyalgia's "symptoms are entirely subjective," *Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 2009), something the ALJ, again, disregarded when assessing her credibility and determining her residual functioning capacity. The Court faulted the ALJ for relying solely on objective medical evidence, ignoring many of the

other SSR 96-7p factors.  Similarly, the Court noted that it was an error for the ALJ to have found the Plaintiff was able to sustain full-time work, when she herself testified regarding her numerous work absences—it noted that "[r]educing Lindley to sedentary work does not account for [her] debilitating symptoms." Dkt. No. 25 at 14.  The Court found that the ALJ was simply wrong in stating "the record does not document the need to miss work on a frequent basis and no need to take unscheduled breaks during the work day." *Id*. at 16-17.  Again, the ALJ ignored evidence in making this determination, including evidence that the Plaintiff was terminated from a prior job for missing over 100 days of work.

In all, the Court does not agree with the Government that these are merely "articulation" errors, nor does the Court believe the Commissioner has met her burden of showing her position was substantially justified when it is clear the ALJ ignored a wide swath of evidence that supported the Plaintiff's claim.

The Government also argues that any fee award should be paid to the Plaintiff, not directly to Plaintiff's counsel.  In support of this argument, the Government cites *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010), which held:  "[A] a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States."  However, the Supreme Court went on to note that the Government had, in some cases, paid EAJA fees directly to attorneys.  This most often occurred "in cases in which the prevailing party had assigned its rights in the fees award to the attorney." *Id*. at 2529.  "[T]he Government has since continued the direct payment practice only in cases where 'the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney.'" *Id*. (citation omitted).

In light of the assignment executed by the Plaintiff, dkt. no. 27-7, the fee award should be paid directly to Plaintiff's counsel if it is determined that the Plaintiff does not have any outstanding federal debt subject to collection.

Accordingly, the Plaintiff's motion (dkt. no. 27) is **GRANTED** and Plaintiff's counsel is awarded $7,868.47 in fees.

SO ORDERED: 01/31/2014

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication

4